IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEHEMIAS RODRIGUEZ,<br><br>Defendant. | Case No. 3:18-CR-30157-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release (Doc. 138) filed by Defendant Nehemias Rodriguez. For the reasons set forth below, the Court denies the Motion.

In 2019, Rodriguez entered a guilty plea on charges related to trafficking methamphetamine and money laundering, and he was sentenced to a term of a term of 97 months' imprisonment, three years of supervised release, a fine of $500, and a special assessment of $300 (Docs. 48, 104). Rodriguez entered his plea pursuant to a written plea agreement in which he waived his right to seek "modification of" his sentence (Doc. 49). Rodriguez filed his second motion for compassionate release on October 8, 2020, arguing that his family circumstances present extraordinary and compelling reasons justifying compassionate release (Doc. 138). The Government opposes the motion, arguing that the broad waiver language in Rodriguez's plea agreement bars him from seeking compassionate release (Doc. 145).

As this Court and others in this circuit have held, broad waiver language in a plea agreement prohibiting "modification" of a sentence prevents future motions for compassionate release, even where such language was agreed to before the passage of the First Step Act. *United States v. Rodas*, 719 F. App'x 528 (7th Cir. 2018); *United States v. Soto-Ozuna*, 618 F. App'x 527 (7th Cir. 2017). On the other hand, where waiver language is more narrow and merely discusses "contesting" a sentence, compassionate release is not covered, as a motion for compassionate release does not impugn a sentence as it was originally imposed but merely argues that subsequent circumstances weigh in favor of revising and modifying that sentence. *See United States v. Hicks*, 11-cr-30207, Doc. 140 at 3-4 (S.D. Ill. Aug. 4, 2020) (citing *United States v. Monroe*, 580 F.3d 552, 555–59 (7th Cir. 2009)). In this instance, the language of Rodriguez's plea agreement is broadly worded and does not limit the waiver provision to attempts to contest or collaterally attack his sentence. Rodriguez has waived the right to seek any modification of his sentence, and this includes a motion for compassionate release. Accordingly, the Court will deny his motion.

The Motion for Compassionate Release (Doc. 138) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 16, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**